In the

# United States Court of Appeals
## For the Seventh Circuit

No. 15-1785

UNITED STATES OF AMERICA,

*Plaintiff-Appellant*,

*v.*

MAURICE DIMITRIE MOORE,

*Defendant-Appellee*.

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:14-CR-68 — **Hon. Jon E. DeGuilio**, *Judge*.

ARGUED JANUARY 6, 2016 — DECIDED MAY 27, 2016

Before POSNER and WILLIAMS, *Circuit Judges*, and
PALLMEYER, *District Judge*.[1]

PALLMEYER, *District Judge*. Marcus Hayden, a federal probationer, engaged in an armed battle with police on April 9, 2012. One officer was injured in the gun fight, and Hayden himself was shot and killed. The government recovered the

---

[1] The Honorable Rebecca R. Pallmeyer, United States District Court for
the Northern District of Illinois, sitting by designation.

firearm Hayden used and has charged Defendant Maurice Moore with selling that weapon to Hayden, a known felon, and falsely reporting that the weapon was stolen. In Moore's upcoming trial, the government seeks to introduce evidence of a phone number Hayden had provided his probation officer. Moore made several calls to that number in the hours surrounding the purported theft of the firearm. The district judge has granted Moore's motion to exclude the probation officer's records as inadmissible hearsay. We conclude, however, that the records are admissible under the residual hearsay exception, Fed. R. Evid. 807, and therefore vacate the district court's order.

**I.**

Law enforcement officers attempted to serve a warrant on federal probationer Marcus Hayden on April 9, 2012. A gun fight ensued, leaving Hayden dead and one officer injured. Using the serial number of the gun they recovered from Hayden, officers quickly identified the firearm as registered to Defendant Maurice Moore. Moore had reported the gun, a Glock, stolen from his car on March 2, 2012. In an interview with agents from the Bureau of Alcohol, Tobacco, Firearms, and Explosives on April 10, 2012, Moore acknowledged that he knew Hayden but said the two were not at all close.

According to the government, additional investigation revealed that Moore had a stronger connection to Hayden than he let on. At approximately 4:30 p.m. on March 2, 2012, Moore purchased a new gun (this one a Ruger) from a store in Fort Wayne, Indiana. Roughly thirty minutes later, he claims to have discovered his older weapon, the Glock, had

been stolen. He called the Fort Wayne police department to report the theft at 5:30 p.m. Shortly thereafter, he filed a stolen-property report at a nearby precinct, but could not recall the Glock's serial number. He called the station at approximately 8:00 p.m. to provide the number. Before, during, and after these events on March 2, Moore's phone placed and received numerous calls to and from a number ending in 9312 ("the 9312 number").

The government believes Hayden was on the other end of those calls. The government seeks to offer evidence that Hayden identified the 9312 number as his cell phone number on a supervision report he filed with his probation officer in February 2012.[2] The report notes, as well, that Hayden admitted to having recently smoked marijuana. In signing the form, Hayden "certif[ied] that all information furnished is complete and correct." There is no evidence that any probation officials ever reached Hayden using the 9312 number, but other circumstances support the conclusion that it was his: Hayden supplied his probation officer with a new cell number, this one ending in 6466 ("the 6466 number"), on March 22, 2012. A Deputy United States Marshal reached Hayden at this number sometime before his death. Phone records indicate that Moore's phone ceased communicating with the 9312 number on March 7, 2012. Mere hours after the final call between the two, Moore's phone received a text from the 6466 number for the first time. Many more calls be-

---

[2] That number is officially registered to one Tara Wilson, but Wilson claims that she is not familiar with the 9312 number and that she knows neither Hayden nor Moore.

tween Moore's phone and the 6466 number occurred in the weeks that followed.

A grand jury returned a three-count indictment against Moore in July 2014. Shortly before the scheduled trial date, the government notified Moore of its intent to introduce Hayden's monthly supervision reports and notes kept by Hayden's probation officer (collectively, "the Reports"). Moore moved to exclude the Reports on hearsay grounds. Over the government's objection, the court sided with Moore and excluded the Reports for the purpose of "establish[ing] that the numbers actually belonged to Hayden." This timely interlocutory appeal followed.

## II.

On appeal, the government argues that Hayden's telephone number is admissible on three separate theories: (1) as hearsay admissible under the business-records exception, Fed. R. Evid. 803(6); (2) as hearsay admissible under the so-called "residual exception," Fed. R. Evid. 807; and (3) as non-hearsay for the limited purpose of establishing a connection between Hayden and Moore.[3] We turn first to the government's Rule 807 argument, as it proves dispositive. *See United States v. Dumeisi*, 424 F.3d 566, 577 (7th Cir. 2005).

We review the district court's decision to exclude evidence for an abuse of discretion, but we review its interpretation of the rules de novo. *United States v. Rogers*, 587 F.3d

---

[3] The government raised a fourth theory below—that the documents were admissible as public records under Federal Rule of Evidence 803(8)—but it has abandoned that argument on appeal.

816, 819 (7th Cir. 2009). Trial courts have a "considerable measure of discretion" in determining whether evidence should be admitted under Rule 807. *United States v. Sinclair*, 74 F.3d 753, 758 (7th Cir. 1996) (quoting *Doe v. United States*, 976 F.2d 1071, 1076 (7th Cir. 1992)). Accordingly, we will reverse "only where the trial court committed a clear and prejudicial error." *Id.* at 758 (internal quotation marks omitted).

A proponent of hearsay evidence must establish five elements in order to satisfy Rule 807: "(1) circumstantial guarantees of trustworthiness; (2) materiality; (3) probative value; (4) the interests of justice; and (5) notice." *United States v. Ochoa*, 229 F.3d 631, 638 (7th Cir. 2000) (citing *United States v. Hall*, 165 F.3d 1095, 1110 (7th Cir. 1999)). Moore concedes that the evidence in question is material and has never objected that he was given insufficient notice or that Hayden's statements are not highly probative. The district court's determination that the Reports would not serve the interests of justice relied exclusively on its conclusion that the statements contained therein were not trustworthy.

For the purposes of assessing the trustworthiness of a hearsay statement under Rule 807, this court, in *Snyder*, offered the following list of factors to consider:

> the character of the witness for truthfulness and honesty, and the availability of evidence on the issue; whether the testimony was given voluntarily, under oath, subject to cross-examination and a penalty for perjury; the witness' relationship with both the defendant and the government and his motivation to testify before the grand jury; the extent to which the witness' testimony reflects his personal

> knowledge; whether the witness ever recanted his testimony; the existence of corroborating evidence; and, the reasons for the witness' unavailability.

*United States v. Snyder*, 872 F.2d 1351, 1355-56 (7th Cir. 1989).

This list is "neither exhaustive nor absolute," but it is a helpful guide. *United States v. Doerr*, 886 F.2d 944, 956 (7th Cir. 1989). In this case, the district court's reasoning focused on the first of these factors, to the exclusion of the other five. Although the supervision report form signed by Hayden included a warning that any false statements could lead to criminal penalties, the district judge doubted that the specter of prosecution would motivate Hayden to be truthful, because "Hayden apparently had little interest in abiding by the law." Thus, the court concluded, Hayden's statements memorialized in the Reports lacked sufficient guarantees of trustworthiness to be admitted under Rule 807.

Hayden's criminal record, though predominately one of violent crimes rather than deception, is troublesome. Apart from that history, however, the other *Snyder* factors weigh decisively in favor of the admission of the Reports.

Several of the factors are uncontroversial: Hayden had personal knowledge of his cell phone number; he is not available to testify due to his death in 2012, not because of any impropriety by the government; and he never recanted the sworn statement that his phone number in February 2012 was (___) ___-9312. But the most important factor here is Hayden's motivation—or lack thereof—to lie about his phone number. The district court concluded that Hayden's criminal history casts doubt on his motivation to tell the

truth. Hayden's apparent willingness to break the law does not explain why he would lie in this instance, however. When Hayden identified his phone number as (___) ___-9312, he knew not only that he could be punished for lying but that probation officers would use that number to contact him. He knew that they would call him because they had done so with a number he had previously reported.[4] Furthermore, at the time he gave his probation officer the 9312 number, Hayden had no reason to believe that his phone number would be integral in the criminal prosecution of another man. In short, he had no obvious reason to lie. *Cf. United States v. Burge*, 711 F.3d 803, 815 (7th Cir. 2013) (approving district court's decision to exclude hearsay testimony offered under Rule 807 where the out-of-court declarants "had a motive to testify falsely to exculpate themselves").

Other circumstances militate in favor of admission of the phone number Hayden reported. Most notably, we know that he confessed to smoking marijuana in his February 2012 report and that he accurately conveyed a change in his contact information in the report filed on March 22, 2012. In the latter report, he listed a new phone number, the 6466 number, which a Deputy United States Marshal did use to contact him. And the 6466 number is also corroborative in another respect: Moore's phone was in frequent contact with the 9312 number throughout the first few months of 2012. But that correspondence ended abruptly on March 7, 2012. Hours later, Moore's phone commenced an equally prolific exchange with the 6466 number, a powerful indication that

---

[4] Upon his release from prison, Hayden initially provided his probation officer with his mother's phone number as his contact number. The officer used that number multiple times to contact Hayden.

the person who owned that number was previously using the 9312 number.

We have warned against the liberal admission of evidence under Rule 807, *see Akrabawi v. Carnes Co.*, 152 F.3d 688, 697 (7th Cir. 1998) (cautioning against the frequent utilization of Rule 807, lest the residual exception become "the exception that swallows the hearsay rule"), but in the circumstances of this case, the exception is particularly apt. Hayden's statements in the Reports bear markers of reliability that are equivalent to those found in statements specifically covered by Rule 803 or Rule 804. The purpose of Rule 807 is to make sure that reliable, material hearsay evidence is admitted, regardless of whether it fits neatly into one of the exceptions enumerated in the Rules of Evidence. That purpose is served by admitting the Reports, and the district court erred in excluding them from Moore's trial. *See Dumeisi*, 424 F.3d at 577 (affirming the admission of foreign intelligence documents under Rule 807 in the trial of defendant accused of acting as an agent of the Iraqi government); *Huff v. White Motor Corp.*, 609 F.2d 286, 295 (7th Cir. 1979) (vacating district court's order excluding testimony that recounted statements made by plaintiff's deceased husband regarding the car accident that gave rise to the suit because the statements had circumstantial guaranties of trustworthiness equivalent to the other hearsay exceptions).

### III.

For the foregoing reasons, we vacate the district court's order excluding Hayden's probation records and the notes of his probation officer and remand the case for further proceedings consistent with this opinion.